IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JONATHAN PAUL JONES, FT-2789, )
    Petitioner, )
)
    v. ) 2:16-CV-472
)
SUPT. D. OVERMYER, et al., )
    Respondents. )

MEMORANDUM and ORDER

Jonathan Paul Jones and inmate at the State Correctional Institution- Forest has presented a petition for a writ of habeas corpus for which he has neither submitted a filing fee nor sought leave to proceed in forma pauperis.

Jones is presently serving an 80 to 160 year sentence following his conviction by a jury of burglary, robbery sexual assault, aggravated assault, indecent assault and rape at Nos. CC 19909241, CC 19909242 and CC 199909243 in the Court of Common Pleas of Allegheny County, Pennsylvania. This sentence was imposed on February 13, 2001.[1]

However, this is not Jones' first federal challenge to these convictions. At 2:08-CV-1266 he likewise sought federal relief on these same changes. The latter petition was dismissed on the merits on December 2, 2008 (ECF No.20) and a certificate of appealability was denied by the Court of Appeals on June 19, 2009 (ECF No.26).

Pursuant to 28 U.S.C. § 2244, the petitioner filed six requests with the Court of Appeals to authorized his filing of successive petitions. These were denied on October 12, 2011, July 23, 2012, February 5, 2013, June 7, 2013, July 24, 2013 and December 10, 2013.[2] Not to be deterred, Jones filed another petition for a writ of habeas corpus at 2:15-CV-773. On June 15, 2015 we transferred the petition to the Court of Appeals for consideration as a successive petition and on July 21, 2015, the latter Court denied the application. Jones then returned to the Court of Appeals seeking leave to file a successive petition. That request was denied on March 1, 2016. On March 29, 2016 he filed another similar application which is presently pending at the Court of Appeals.

Jones has once again submitted a habeas petition to this Court again seeking to challenge these same convictions. This time he alleges he was denied a speedy trial.

---

[1] See: Petition at ¶¶ 1-6.
[2] See: Response filed at 2:15-CV-771 at pp. 11-13.

The Antiterrorism and Effective Death Penalty Act, signed into law on April 24, 1996, included several major reforms to the federal habeas corpus laws. As part of this habeas corpus reform, Congress amended 28 U.S.C.§ 2244 to prohibit district courts from entertaining claims presented in a second or successive habeas corpus application unless the appropriate federal court of appeals authorizes such filing. The relevant amended language provides as follows:

> (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
>
> (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
>
> (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
>
> (D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
>
> (E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

28 U.S.C. § 2244(b)(3).

ORDER

Accordingly, IT IS ORDERED that on or before May 5, 2016, the petitioner show cause, if any, why the petition should not be transferred to the United States Court of Appeals for the Third Circuit for that Court's determination of whether this successive should be considered by this Court.

Filed: April 21, 2016                                s/ Robert C. Mitchell
                                                     United States Magistrate Judge